United States District Court
District of Connecticut
FILED AT   NEW HAVEN
September 9th _____ 2015
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

STATE OF CONNECTICUT        :
                            :   ss: New Haven, Connecticut
                            :
COUNTY OF NEW HAVEN         :   September 1, 2015

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Allison M. Haimila, being duly sworn, depose and state as follows:

### BACKGROUND OF AFFIANT

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to the Resident Agent in Charge in the District of Connecticut. I have been so employed for approximately five years. I have received training in the area of child pornography (as defined in 18 U.S.C. § 2256) and child exploitation, and have, as part of my daily duties as an HSI agent, investigated violations relating to child exploitation and child pornography, including violations pertaining to possession, distribution, receipt and production of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, and enticement of minors, in violation of 18 U.S.C. § 2422. I have also participated in the execution of search and arrest warrants, which involved child exploitation and/or child pornography offenses. As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

2. I make this affidavit in support of a Criminal Complaint and Arrest Warrant charging Daniel Jesse Conrad ("CONRAD"), an adult male born in 1984 and residing in New Hartford, Connecticut, with producing child pornography, in violation of 18 U.S.C. § 2251(a), using a means or facility of interstate commerce to knowingly persuade, induce, coerce or entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and

possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (collectively, the "TARGET OFFENSES").

3. Based on the facts set forth below, I believe there is probable cause to believe and I do believe that CONRAD knowingly committed the TARGET OFFENSES in the District of Connecticut.

4. The statements contained in this affidavit are based in part on information provided by other members of local, state, and federal law enforcement, my own investigation to include personal observations, documents and other investigative materials which I have reviewed, as well my training and experience as a Special Agent with HSI. Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that CONRAD committed the TARGET OFFENSES.

### RELEVANT STATUTES

5. 18 U.S.C. § 2251(a) prohibits a person from employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or transmitting a live visual depiction of such conduct if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

6. 18 U.S.C. § 2422(b) prohibits a person from knowingly persuading, inducing, enticing, or coercing any individual who has not attained the age of 18 years to engage in any

sexual activity for which any person can be charged with a criminal offense through the use of any means or facility of interstate commerce. The term "sexual activity for which any person can be charged with a criminal offense" includes the production of child pornography. 18 U.S.C. § 2427.

7.  18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

## DEFINITIONS

8.  The following definitions apply to this Affidavit:

    a.  "Minor," as used herein, is defined by 18 U.S.C. § 2256(1) to mean any person under the age of eighteen years.

    b.  "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct, where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), and also includes any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. 18 U.S.C. § 2256(8).

3

c. "Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. 18 U.S.C. § 2256(5).

d. "Sexually explicit conduct" means actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256(2)(A).

## BACKGROUND ON ONLINE VIDEO CHAT SERVICES

9. In my training and experience, I have learned individuals with computers and/or mobile devices with access to the Internet and a webcam can utilize a variety of online service providers (such as Skype or Omegle) to communicate or chat with each other in real time by video. Using the webcam or camera connected to the computer or mobile device, the users can see each other and communicate by voice using a microphone and speakers attached to the device. Alternatively, the users can see each other, but can choose to communicate by typing messages to each other.

10. I am also aware that computer users can download software onto their computer that allows them to record their online video chat sessions with other users, and then save them onto their computers so they can view them again at a later date.

## BACKGROUND ON KIK

11.     I am aware from my training and experience and information provided to me by other law enforcement officers that Kik is a Canadian based text messaging application that a user can download on to his or her cell phone or other internet based mobile device. Users with Kik application can then communicate with each other using text messages. Users can also send pictures and videos to other users. Messages and files exchanged between Kik users pass through Kik's computer servers, which I have been informed are located in both Canada and the United States.

## THE INVESTIGATION AND PROBABLE CAUSE

12.     On or about June 8, 2014, Trooper Jamie Pearston and Detective Michael Fitzsimons of the Connecticut State Police ("CSP") were assigned to investigate a report of a sexual assault of a fifteen year-old girl who was residing in Winsted, Connecticut ("MINOR VICTIM 1" or MV-1") by an individual named Daniel Conrad ("CONRAD").[1]  MV-1 had informed her mother that MV-1 and CONRAD had been having sex. MV-1's mother located a calendar maintained by MV-1 that appeared to note the dates that CONRAD and MV-1 had met. MV-1's father then called the police.

13.     Trooper Pearston and Detective Fitzsimons met with MV-1 and her parents at their residence later that day. MV-1 provided a sworn written statement in which she stated, among other things, the following:

    a.     MV-1 met CONRAD on February 22, 2014, through an online video chat website called Omegle. MV-1 stated she spoke briefly with CONRAD that day and they later began to communicate with each other via Kik.

---

[1] MV-1 was born in August 1998.

5

b. MV-1 stated that after a few days, she asked CONRAD how old he was. CONRAD told her that he was 29 years. According to MV-1, CONRAD then asked MV-1 her age and she told him 16.

c. MV-1 stated that on March 1, 2014, she and CONRAD met in person. CONRAD picked her up in his car and drove her to his worksite in Massachusetts where he was building a house. She stated that CONRAD gave her a tour of the house, and afterwards, as they were driving away from the property, they began to fool around in the car. MV-1 stated that she performed oral sex on CONRAD and he inserted his fingers inside MV-1's vagina. CONRAD then drove MV-1 back to Connecticut.

d. MV-1 stated that she and CONRAD continued to communicate almost daily via Kik. Approximately two weeks later, CONRAD picked MV-1 up from a location near her house and drove her to his residence in New Hartford, where they had sexual intercourse in his bedroom.

e. MV-1 stated she and CONRAD continued to communicate through Kik on a daily basis. CONRAD would pick her up weekly, either Thursday evenings or Saturday mornings, because CONRAD's fiancé was at work during those times. MV-1 victim stated she wrote down each meeting with CONRAD in a monthly calendar, which included his name and details, so she could remember when they met up. The CSP officers seized this calendar during the interview, and a visual inspection of the calendar revealed numerous entries which matched those described by MV-1. MV-1 estimated that she and CONRAD would have sexual intercourse about half the time they were together.

f. MV-1 stated she continued communicate with CONRAD via Kik and met him regularly up until June 5, 2014. She claimed that she never felt threatened and was with

CONRAD on her own free will.

14.  On or about June 11, 2014, Trooper Pearston and Detective Fitzsimons went to CONRAD's residence in New Hartford, Connecticut to speak to him. They located CONRAD at his residence, and after they informed CONRAD that he was not under arrest, CONRAD voluntarily agreed to go with the officers to the CSP station in Litchfield, Connecticut to speak to them. During the car ride, the officers again informed CONRAD that he was not under arrest and they advised CONRAD of his Miranda rights, which CONRAD acknowledged. CONRAD agreed to continue speaking. CONRAD stated that he met MV-1 online in February. CONRAD stated that he picked MV-1 up on several occasions, once traveling to Massachusetts and other times bringing her to his residence in New Hartford. CONRAD admitted that he and MV-1 had consensual sex on approximately 5 or 6 different days.

15.  After CONRAD and the officers arrived at the CSP station in Litchfield, the officers interviewed CONRAD. CONRAD then provided a sworn written statement in which he admitted, among other things, the following:

   a.  CONRAD admitted that he met MV-1 online but stated he did not remember where online.

   b.  CONRAD admitted that he knew MV-1's first name but stated he did not know her last name.

   c.  CONRAD admitted that he texted with MV-1 via the Kik messenger application on his cell phone and further admitted that they talked mostly about sex.

   d.  CONRAD admitted that after about a month, he and MV-1 met in person. CONRAD drove her in his car to an empty house in Massachusetts that he was building for work. CONRAD admitted that MV-1 performed oral sex on him and he put his fingers inside

MV-1's vagina. CONRAD then drove MV-1 back to Connecticut. CONRAD stated their conduct was consensual.

  e. CONRAD stated that after that meeting, he and MV-1 continued to communicate often on Kik and that he would pick her up in his car and drive her back to his house. CONRAD admitted that he and MV-1 had sex on 5 or 6 different days, sometimes more than once on a day. CONRAD again stated the sex was consensual. CONRAD claimed that MV-1 was the one that came on to him and that she wanted it.

  f. CONRAD admitted that he and MV-1 sent naked and pornographic pictures to each other via Kik. CONRAD then claimed, however, that he deleted the images.

  g. CONRAD claimed that MV-1 told him she was 19 years old and that he assumed she lived with her parents.[2] He indicated that MV-1 had braces.

16. After the interview, the CSP officers and CONRAD returned to his residence, where members of the CSP were executing state search warrants on CONRAD's residence and vehicle. The CSP seized, among other things, CONRAD's Apple iPhone, computers, and several other electronic storage devices. CONRAD then asked the officers to drop him off at his brother's residence, which was also in New Hartford.

17. On or about August 19, 2014, CONRAD was arrested and charged in Connecticut Superior Court with sexual assault in the second degree and risk of injury to a child. He was

---

[2] As indicated above, MV-1 stated she told CONRAD she was 16. Moreover, as described later in this affidavit, law enforcement recovered a Kik message conversation between MV-1 and CONRAD in which MV-1 indicates she is 16 years old. In several Kik messages recovered from CONRAD's computer, CONRAD asks MV-1 about school. MV-1 also informs him that she lives with her parents. In addition, I have been advised by the Assistant United States Attorney assigned to the case that several of the federal courts of appeal have held that mistake of age is not a defense to a charge of production of child pornography. Similarly, I have been advised that under Connecticut state law, mistake of age is not a defense to second degree sexual assault of a minor under 16 years of age and that the victim's misrepresentation of age is not an affirmative defense.

8

released from custody on a $50,000 bond. The state charges are still pending.

18.     On or about June 11, 2015, I received a telephone call from the CSP informing me that during the forensic examination of CONRAD's computer, the CSP located several videos and photographs of a minor engaged in sexually explicit conduct. I subsequently met with the CSP detective who performed the computer forensic examination to review the evidence he recovered from CONRAD's computer. I have also received and reviewed copies of the detective's forensic examination reports.

### The Computer Forensic Evidence

19.     The CSP detective who performed the forensic analysis of CONRAD's computer located numerous photographs and videos of what appears to be three different minor females engaged in sexually explicit conduct.

### Minor Victim 1

20.     The detective located several photographs of a minor female that law enforcement has identified as MV-1. The photographs were recovered from an Apple iTunes[3] computer backup of an Apple iPhone mobile phone. The device owner in the iPhone backup is listed as "Dan Conrad" and the device name in the backup is listed as "Dan's iPhone." As indicated earlier, CSP seized an iPhone from CONRAD's residence during the search of his residence. Based on my training and experience, I am aware that iPhones are manufactured outside of Connecticut.

---

[3] Based on my training and experience, I am aware that iTunes is the name of a computer software program provided by Apple Inc. that can be installed on a computer and which, among other things, allows a computer user to purchase applications for Apple devices, such as an iPhone, from an online iTunes store, maintain a music library, transfer files between the computer and iPhone, and maintain a backup copy of an iPhone's contents.

21. The photographs of MV-1 were saved on the iPhone in the KeepSafe application in an album or folder labeled as MV-1's first name. Based on information provided to me by other law enforcement agents, as well as information about the KeepSafe application on Apple's iTunes store, I am aware the KeepSafe is a mobile phone application that allows user to keep photos, videos, and other documents private by locking them behind a PIN pad. According to the KeepSafe application description on the Apple iTunes store, "friends, family, and coworkers will be able to look at your public photo gallery, but NOT what is in your KeepSafe." Within the KeepSafe application, a user can organize photos, videos, and documents within albums or folders.

22. Exchangeable Image File ("EXIF") [4] data for the photographs of MV-1 reveal that the photographs were taken with an iPhone and the time period the photographs were taken range from on or about March 8, 2014 to on or about June 5, 2014.

23. The detective also recovered numerous Kik messages between CONRAD and another Kik user that CONRAD refers to in the Kik messages as MV-1's first name.[5]

24. Below are descriptions of several photographs of MV-1 recovered from the iPhone backup on CONRAD's computer along with Kik messages between CONRAD and MV-1 from some of the days those photographs were taken:[6]

---

[4] Based on my training and experience, I know that EXIF data is data that is captured when a digital photograph is created, which is then embedded within the file. EXIF data that is captured can include, among other things, the device used to create the photograph, the date the photograph was taken, and GPS latitude and longitude coordinates of the location where the photos were taken.

[5] The CSP was only able to recover Kik messages from April 14, 2014 to June 9, 2014. Kik messages prior to April 14 were not recovered.

[6] The photographs and videos described this affidavit will be made available for the Court's review.

a.  Date: March 8, 2014

   Filename: 4743634948742235065.IMG_7201.JPG
   Description: This photograph depicts a close up of what appears to be MV-1's vagina. The bedspread that MV-1 is lying on is consistent with the one in CONRAD's bedroom that I have seen in other photographs. The area around the vagina is red and swollen. EXIF data attached to this photograph shows that it was taken on March 8, 2014 and the GPS information geo-locate to CONRAD's house.

   Filename: 4743634948287786618.IMG_7212.JPG
   Description: This photograph depicts what appears to be MV-1 lying face down on CONRAD's bed. The focus of this photograph is on a sexual device that is inserted into her anus. A hand is seen in the bottom of the frame, pulling her panties down to expose both the anus and vagina. EXIF data attached to this photograph shows that it was taken on March 8, 2014 and GPS information geo-locate to CONRAD's house.

b.  Date: March 22, 2014

   Filename: 4743639982914992532.IMG_7394.JPG
   Description: This photograph depicts what appears to be MV-1 completely naked lying face down on CONRAD's bed. The girl's wrists and ankles appear to be bound with a dark colored material in the direction of each of the 4 corners of the bed. In this posture, the girl's genitalia is the central point of this photograph. EXIF data attached to this photographs show that it was taken on March 22, 2014 and the GPS information geo-locate to CONRAD's house.

c.  Date: May 28 to May 29, 2014

   On May 28, 2014, CONRAD sent MV-1 a Kik message stating "I want to see u so bad. Please send me pics"

   On May 29, 2014, MV-1 sent 8 photographs through Kik to CONRAD. These photographs are of MV-1's exposed genitalia, MV-1 masturbating with her fingers and displaying a sexual device, known as a "Princess Plug," inserted into her anus, and MV-1 on her hands and knees exposing her genitalia and laying on her side spreading her buttocks apart with her hand. Based on the background in all of these photos is appears that they are taken in MV-1's room at her house. As with the other photographs, these photographs were saved in the KeepSafe application on "Dan's iPhone" in the album or folder labeled with MV-1's first name.

   After sending the photographs, CONRAD sent MV-1 a Kik message stating "Omg so hot babygirl thanks so much!!"

11

d.   Date: June 5, 2014

Filename: 4743667256061599836.IMG_8620.JPG
Description: This photograph depicts a close up of what appears to be MV-1's genitalia. There are fingers moving her black lace panties to the side exposing her vagina and a sexual device, known as the "Princess Plug", is inserted into her anus. The EXIF data shows that this photograph was taken on June 5, 2014.

Filename: 4743667256061591346.IMG_8618.JPG
Description: This photograph depicts MV-1 with her legs spread apart wearing the same black lace panties as in the previous picture and lying on the same bedspread as the previous picture. MV-1 is staring at the camera wearing a camisole and the black lace panties. The EXIF data shows that this picture was also taken on June 5, 2014 and contains GPS coordinates that resolve back to CONRAD's house.

Filename: 4743667256058135592.IMG_8632.JPG
Description: This photograph depicts MV-1 wearing the same camisole as before with her legs spread apart and no panties. In this image, MV-1 has a sexual device, known as a dildo, inserted into her vagina. The EXIF data attached to this image shows that it was taken on June 5, 2014 and the GPS coordinates also resolve back to CONRAD's house.

Filename: 4743667256058135274.IMG_8628.JPG
Description: This photograph depicts a close up of MV-1's face. She appears to be wearing the same camisole as before and she is looking into the camera and sucking on what appears to be the sexual device, known as a dildo, from the previous photo. The EXIF data attached to this image shows that it was taken on June 5, 2014 and the GPS coordinates resolve back to CONRAD's house.

Filename: 4743667256058135034.IMG_8635.JPG
Description: This photograph depicts a close up of what appears to be an adult penis inserted into the MV-1's vagina. The EXIF data attached to this image shows that it was taken on June 5, 2014 in succession with the previous photos. The GPS coordinates resolve back to CONRAD's house.

Filename: 4743667256046404116.IMG_8621.JPG
Description: This photograph depicts a close up of MV-1's exposed vagina and anus with a sexual device known as the "Princess Plug" inserted into the anus. The black lace panties are pushed to the side exposing her genitalia and her face is visible in the background. The EXIF data attached to this image shows that it was taken on June 5, 2014.

> <u>Kik Messages</u>: Kik messages from this day between CONRAD and MV-1 show that CONRAD offered to pick MV-1 up on his way home from work. He informs the MV-1 that he is "leaving work now see u in 30 min." Then there is an approximately 4 hour break in messaging until MV-1 sent a Kik message to CONRAD saying "Thank you" and CONRAD responds with "Anytime baby."

25. In addition to the images and messages described above, the forensic examination revealed several other Kik conversations between CONRAD and MV-1 indicating that CONRAD was aware that MV-1 was a minor and suggesting he was aware that she was in high school. For example, on April 15, 2014, the following conversation takes place where MV-1 indicates she is 16 years old:

> CONRAD: ... Miss u so bad baby
>
> MV-1: Then come get me, im all yours
>
> CONRAD: Sooo wish I could
>
> MV-1: cant go out for a drive and fuck your little sixteen year old girl

26. On May 7, 2014, CONRAD and MV-1 exchange Kik messages in which CONRAD asks MV-1 about school:[7]

> MV-1: morning babe
>
> CONRAD: Late start?
>
> MV-1: didn't go
>
> CONRAD: Uh oh. Summer school

27. There are also numerous Kik conversations showing that CONRAD was repeatedly asking to meet up with MV-1 and asking her to send pictures of herself to him,

---

[7] There were several more Kik messages recovered during the forensic examination in which CONRAD asks MV-1 about school and asks her to take pictures of herself at school while she has a sexual device inserted inside her genitals.

13

including the following examples:

  a. On or about April 22, 2014, CONRAD sent MV-1 a Kik message stating "Miss u so bad." After MV-1 responded with "I miss my daddy," CONRAD wrote back "Thursday?" Later that evening, CONRAD sent a message to MV-1 stating, "Hey baby. Thinking of u. Cant wait to see u Thursday." CONRAD then informs MV-1 that the "Princess Plug" (which is a sexual device that is inserted into the anus) along with stockings and a garter belt that he bought for her arrived in the mail, and he tells MV-1 "you deserve them and u are going to look so good."

  b. On or about May 15, 2014, CONRAD sent Kik messages to MV-1 in which he stated "Can u go for a walk and Ill pick u up? I dunno where we can go but I would like to at least see u for a bit. I'll be gone all next week" Based on my investigation, I believe CONRAD was getting married and going on his honeymoon the following week. Pictures recovered from the KeepSafe folder of the iPhone from the same day show MV-1 bent over the hood of CONRAD's car, with her sweatshirt pulled up, revealing her thong underwear.

  c. On or about May 26, 2014, CONRAD and MV-1 exchange text messages in which CONRAD indicates he is back from his honeymoon and the two discuss meeting up on a Thursday. The next day, on May 27, 2014, CONRAD sends a Kik message as MV-1 is getting ready for school and he states "Take naughty pics for me."

  d. The next day, on May 28, 2014, CONRAD again asked MV-1 for pictures. He instructs MV-1 to "Wear ur plug to school today for daddy" and then states "Will u take pics of it in u at school." Based on other Kik conversations that were recovered, I believe CONRAD is referring to "Princess Plug" discussed above. After MV-1 had not sent him any pictures, CONRAD sent a Kik message to MV-1 stating "Remember telling me you would take pics for

me today?" MV-1 wrote back that she had been busy. CONRAD responds "Was really looking forward to it all day. Just a little disappointed."

   e.  On May 30, 2014, CONRAD requests through Kik that MV-1 send him pictures of herself. When she asks what kind, CONRAD responds with "Naughty."

## Minor Victim 2

28. The forensic examination of CONRAD's computer also revealed over 40 videos of what appear to be recordings of online webcam video chat sessions between CONRAD and another minor female. The videos were created during the time period from approximately October 2013 to March 2014. In many of the videos, the female is engaged in sexually explicit conduct including masturbation. Law enforcement has identified the female as an actual minor ("MINOR VICTIM 2" or "MV-2") who lives in or near Jamestown, New York. MV-2 was 15 years old at the time the videos were created. In addition, the forensic examination revealed Kik messages between CONRAD and MV-2, including the following exchange from March 16, 2014, in which CONRAD acknowledges that MV-2 is only 15-years old:

| | | |
|---|---|---|
| CONRAD: | [ADULT FEMALE][8] is interested in meeting u (cam) but don't tell her I sent u pics of me. Or that ur in love with me | |
| MV-2: | Ok | |
| MV-2: | What did you say | |
| CONRAD: | I asked if she would like to cam with a girl thats 15 from NY | |
| CONRAD: | I asked if she would … | |
| CONRAD: | She said yes probably | |

---

[8] The actual message contains the first name of an adult female, who I am aware is an acquaintance of CONRAD.

       CONRAD:    As long as u dont tell anyone

Minor Victim 3

29.    In addition, the forensic examination revealed several photographs of a third unidentified female, who, based on my training and experience, appears to be a minor ("MINOR VICTIM 3" or "MV-3"). As with the photographs of MV-1 discussed above, the photographs of MV-3 were also recovered from the iPhone backup stored on CONRAD's computer. The photographs had been stored using the KeepSafe application on the iPhone, in an album or folder labeled with the nickname a common female first name. Law enforcement is still working to ascertain the identity of MV-3 and believes, based on a list of contacts recovered from the iPhone backup, that the individual may reside in Nebraska. Below are descriptions of three of the photographs of MV-3:

    a.    Filename: 4743640816619527426.IMG_7520.JPG
Description: This photograph depicts a close-up of a female, who appears to be under 18 years of age, sitting upright on the floor with her legs spread apart. The focus of the photograph is of the female's exposed genitalia. The photograph appears to have been taken by a mobile phone in a blue case, which can be seen in the reflection of a mirror in the room where the picture is taken.

    b.    Filename: 4743640816658589092.IMG_7522.JPG
Description: This photograph depicts the same nude female sitting on a floor with her legs spread apart in front of a mirror. The focus of this photograph is of the female's exposed genitalia. The photograph appears to have been taken by a mobile phone in a blue case, which can be seen in the reflection of a mirror in the room where the picture is taken.

    c.    Filename: 4743640816626759203.IMG_7449.JPG
Description: This photograph depicts a close up of the same nude female's genitalia. The carpet that the nude female is lying on appears to be the same at the other images located in this folder which leads me to believe it is the same female depicted in the pictures above. The female's legs are spread wide exposing her vagina and anus.

## CONCLUSION

30. Based on the aforementioned information and statements, I believe there is probable cause to believe, and I do believe, that from approximately October 2013 to June 5, 2014, CONRAD knowingly produced child pornography, in violation of 18 U.S.C. § 2251(a), in that he employed, used, persuaded, induced, enticed, and coerced one or more minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or transmitting a live visual depiction of such conduct, which he knew or had reason to know would be transported or transmitted in interstate or foreign commerce or which was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer. Specifically, CONRAD photographed MV-1 with his iPhone, which was manufactured outside of Connecticut, while she was engaged in sexually explicit conduct. CONRAD also induced MV-1 to photograph herself engaged in sexually explicit conduct and then transmit those photographs to him via Kik. In addition, CONRAD engaged in video chats with MV-1 and MV-2 over the Internet using his computer and online video chatting services, and used his computer to record MV-1 and MV-2 engaging in sexually explicit conduct during the video chats.

31. Based on the aforementioned information and statements, I further believe there is probable cause to believe, and I do believe, that from approximately October 2013 to June 5, 2014, CONRAD used a means or facility of interstate commerce to knowingly persuade, induce, coerce or entice one or more minors to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). Specifically, CONRAD used his computer and Internet-based video chatting services, to knowingly persuade, induce, entice and coerce MV-1 and MV-2 to engage in sexually explicit conduct and transmit live visual depictions of that conduct over the Internet.

CONRAD also used sent MV-1 messages via Kik to knowingly persuade, induce, coerce or entice her minor to engage in sexually explicit conduct and produce visual depictions of that conduct, which she then transmitted to CONRAD.

32.   In addition, based on the aforementioned information and statements, I believe there is probable cause to believe, and I do believe, that from approximately October 2013 to June 11, 2014, which was the day that law enforcement seized CONRAD's computer, CONRAD knowingly possessed child pornography, that is photographs and videos of MV-1, MV-2, and MV-3 engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(5)(B).

33.   Therefore, I respectfully request that a criminal complaint be issued to support the arrest of and to charge Daniel Jesse CONRAD with producing child pornography, in violation of 18 U.S.C. § 2251(a), using a means or facility of interstate commerce to knowingly persuade, induce, coerce or entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

## REQUEST TO SEAL

34. Because this application pertains to an ongoing criminal investigation, and because disclosure of the information contained herein as well as disclosure of the arrest warrant and criminal complaint being requested herein may compromise the investigation, increase the risk of harm for the law enforcement officers responsible for executing the warrant, and result in the flight of the target of this investigation, the destruction of evidence, and the tampering with witnesses, I respectfully request that the criminal complaint and affidavit be ordered sealed until further order of the Court, except that copies may be provided to other law enforcements agents who are participating in this investigation, and copies may also be provided to counsel for CONRAD following his arrest and prior to his initial appearance.

Special Agent Allison M. Haimila
Department of Homeland Security
Homeland Security Investigations

Subscribed and sworn to before me this 1st day of September, 2015

/s/ Sarah A. L. Merriam, USMJ
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE