

FILED
2016 MAY 17 P 12: 04
US DISTRICT COURT
HARTFORD CT

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*    *(203)821-3700*
*157 Church Street, 25th Floor*    *Fax (203) 773-5376*
*New Haven, Connecticut 06510*    *www.justice.gov/usao-ct*

**May 17, 2016**

David A. Moraghan, Esq.
Smith Keefe Moraghan & Waterfall, LLC.
32 City Center, Suite C
Torrington, CT 06790

      Re:    <u>United States v. Daniel Jesse Conrad</u>
             Criminal No. 3:16-cr-__95__ (VLB)

**Dear Attorney Moraghan:**

    This letter confirms the plea agreement between your client, Daniel Jesse Conrad (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

<u>**THE PLEA AND OFFENSE**</u>

    The defendant agrees to waive his right to be indicted and to plead guilty to a one-count Information charging him with production of child pornography, in violation of 18 U.S.C. § 2251. The defendant understands that to be guilty of this offense, the following essential elements of the offense must be satisfied:

1.     The defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of either (a) producing a visual depiction of such conduct, or (b) transmitting any live visual depiction of such conduct;

2.     At the time, the victim was a minor; and

3.     Either (a) the defendant knew or had reason to know the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce, (b) the visual depiction was produced or

transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or (c) the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce.

## THE PENALTIES

This offense carries a maximum penalty of thirty (30) years imprisonment and a $250,000 fine, and a mandatory minimum penalty of fifteen (15) years imprisonment. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least five (5) years and as much as life. 18 U.S.C. § 3583(k). Further, the defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant understands that should he violate any condition of supervised release during its term, he may be required to serve a further term of imprisonment of up to three (3) years with no credit for the time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant shall be required to serve a term of not less than five (5) years of imprisonment. 18 U.S.C. § 3583(k).

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Finally, in addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 2259, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 2259. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. The parties reserve their respective rights to address the Court on the amount of restitution that should be ordered. Restitution is payable immediately unless otherwise ordered by the Court.

Forfeiture

Pursuant to 18 U.S.C. § 2253(a), the defendant agrees to forfeit his interest in the following:

1. an eMachines computer, bearing serial number PTNB50200395300C182700, and

2. an Apple iPhone 4S, bearing serial number C8PJ2673DTD0

(collectively, the "Forfeitable Items"). The defendant warrants that he is the sole owner of the Forfeitable Items. The defendant further acknowledges that the Forfeitable Items is subject to forfeiture as property used to commit or to promote the commission of illegal conduct giving rise to forfeiture.

The defendant agrees to waive all interests in the Forfeitable Items in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the Computer Equipment and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in these cases and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claim whatsoever in connection with the seizure or forfeiture of the Forfeitable Items covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in

accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a

complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility.  The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation of Offense Conduct

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation on page 12, which is a part of this plea agreement.  The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The defendant understands that this stipulation is not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guidelines Stipulation

The parties agree that the Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.  The parties further agree that the defendant's offense level for a violation of 18 U.S.C. § 2251(a) is governed by U.S.S.G. § 2G2.1.

The parties disagree about the Guidelines calculation and the Guidelines range. The Government's position is that because the relevant conduct involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) of the Guidelines is applied as if the exploitation of each minor had been contained in a separate count of conviction, regardless of whether the minor was specifically cited in the count of conviction.  See U.S.S.G. § 2G2.1(d); *see also* Commentary to U.S.S.G. § 2G2.1, Application Note 5.

For the first victim, MV#1, the Government's position is as follows: The defendant's base offense level is 32. U.S.S.G. § 2G2.1(a). That level is increased by two (2) levels under U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor who had attained the age of twelve years but not yet attained the age of sixteen years. Two (2) levels are added under U.S.S.G. § 2G2.1(b)(2)(B) because the offense involved the commission of a sexual act or sexual contact. Four (4) levels are added under U.S.S.G. § 2G2.1(b)(4) because the offense involved material that portrays sadistic or masochistic conduct. Two (2) levels are added under U.S.S.G. § 2G2.1(b)(6) because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. As a result, the defendant's offense level with respect to MV#1 is 42.

For the second victim, MV#2, the Government's position is as follows: The defendant's base offense level is 32. U.S.S.G. § 2G2.1(a). That level is increased by two (2) levels under U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor who had attained the age of twelve years but not yet attained the age of sixteen years. Two (2) levels are added under U.S.S.G. § 2G2.1(b)(2)(B) because the offense involved the commission of a sexual act or sexual contact. Two (2) levels are added under U.S.S.G. § 2G2.1(b)(6) because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. As a result, the defendant's offense level with respect to MV#2 is 38.

For the third victim, MV#3, the Government's position is as follows: The defendant's base offense level is 32. U.S.S.G. § 2G2.1(a). That level is increased by two (2) levels under U.S.S.G. § 2G2.1(b)(1)(B) because the offense involved a minor who had attained the age of twelve years but not yet attained the age of sixteen years. Two (2) levels are added under U.S.S.G. § 2G2.1(b)(2)(B) because the offense involved the commission of a sexual act or sexual contact. Two (2) levels are added under U.S.S.G. § 2G2.1(b)(6) because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. As a result, the defendant's offense level with respect to MV#3 is 38.

The Government's position is that pursuant to the grouping rules contained in Chapter 3, Part D of the Guidelines, the defendant's combined offense level under U.S.S.G. § 3D1.4 is 45.

The parties agree that three (3) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Based on the Government's calculations, the defendant's total offense level is 42, which, assuming a Criminal History Category I, would result in a range of 360 months (sentencing table and statutory maximum) and a fine range of $50,000 to $50,000 [handwritten correction: $500,000], U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of five (5) years to life. 18 U.S.C. § 3583(k).

The defendant disagrees with the Government's calculation and reserves the right to argue against its application while the Government reserves the right to argue for its application. The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. However, the defendant agrees that he is subject to a mandatory minimum term of imprisonment of 180 months, and therefore, he may not argue for a sentence below 180 months of imprisonment.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

*David A. Moraghan, Esq.*
*Page 10 of 17*

## SEX OFFENDER REGISTRATION

The defendant acknowledges that he has been advised and understands that he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that pursuant to these requirements, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that he will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. If he resides in Connecticut following release from prison, he will be subject to the registration requirements of Conn. Gen. Stat. § 54-251. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the offense conduct which forms the basis of the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

DANIEL JESSE CONRAD
The Defendant

5-17-16
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

DAVID A. MORAGHAN, ESQ.
Attorney for the Defendant

5·17·16
Date

## STIPULATION OF OFFENSE CONDUCT

The defendant, Daniel Jesse Conrad, and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

Between approximately October 2013 and June 5, 2014, the defendant persuaded three young females (Minor Victim #1, Minor Victim #2 and Minor Victim #3), who were under the age of 18, to engage in sexually explicit conduct. The defendant then recorded and/or photographed the sexually explicit conduct using either his Apple iPhone 4S, bearing serial number C8PJ2673DTD0, or his eMachines computer, bearing serial number PTNB50200395300C182700, both of which were manufactured in China. During this time period, the defendant lived in Connecticut.

### Minor Victim #1

The defendant met Minor Victim #1 ("MV#1") in February 2014 through Omegle, an internet-based video chatting service. MV#1 lived in Connecticut at the time. After their initial conversation, the defendant and MV#1 began communicating regularly through the Kik text messaging and photo sharing application on their cell phones. On March 1, 2014, the two met in person, and the defendant drove MV#1 to his worksite in Massachusetts where he was building a house, and they engaged in sexual acts in the defendant's car.

Following that initial meeting, on approximately five or six other occasions between March 1 and June 5, 2014, the defendant picked up MV#1 and drove her to his residence in Connecticut where they engaged in sexual intercourse and other sexual acts. Initially MV#1 told the defendant she was 19 years old, but later, by at least April 15, 2014, MV#1 told him she was 16 years old. In actuality, MV#1 was only 15 years old at the time.

During some of their sexual encounters, including after MV#1 told him she was a minor, the defendant used his Apple iPhone to take videos and pictures of MV#1 engaged in sexual activity, including a video with filename "2212.avi" and a picture with filename "4743667256058135034.IMG_8635.JPG" both depicting the defendant and MV#1 having sexual intercourse. He also took several pictures depicting MV#1 with a sexual device inserted in her anus and another picture depicting MV#1 completely naked lying face down on the defendant's bed with her wrists and ankles tied to each of the four corners of the bed.

In addition to the pictures and videos he took when they met in person, the defendant had several online video conversations with MV#1 over Skype and Omegle. During some of these video conversations, MV#1 engaged in sexually explicit conduct, which the defendant recorded and saved on his computer. Finally, the defendant repeatedly persuaded MV#1 to take sexually explicit

pictures of herself at her home and send them to him via the Kik application. The defendant then saved these pictures on his iPhone.

The defendant had saved on his computer and iPhone approximately 174 images and 14 videos of MV#1 engaged in sexually explicit conduct.

### Minor Victim #2 and Minor Victim #3

The defendant met Minor Victim #2 ("MV#2") in October 2013 through Omegle. They began communicating regularly through Kik, Omegle, and Skype until November 2013 and then again from March 2014 to April 2014. MV#2 lived in New York and was 15 years old at the time. The defendant was aware that MV#2 was 15 years old.

The defendant met Minor Victim #3 ("MV#3") in January 2014, also through Omegle. They communicated for approximately one month using Kik, Omegle, and Skype. MV#3 lived in Nebraska and was 15 years old at the time.

During several of the video conversations over Omegle and Skype with MV#2 and MV#3, the defendant persuaded them to engage in sexually explicit conduct, which the defendant recorded and saved on his computer, including but not limited to the following files:

Filename:     1152224.avi
Description:  Video recording depicting MV#2 engaging in sexually explicit conduct including masturbation

Filename:     18.avi
Description:  Video recording depicting MV#3 engaging in sexually explicit conduct including masturbation

In addition, the defendant repeatedly persuaded MV#2 and MV#3 to take sexually explicit pictures of themselves at their homes and send them to him via Kik and/or other applications. The defendant then saved these pictures on his iPhone.

The defendant had saved on his computer and iPhone approximately 27 images and 33 videos of MV#2 engaged in sexually explicit conduct. He had saved approximately 24 images and 5 videos of MV#3 engaged in sexually explicit conduct.

In total, the defendant had approximately 200 images and 52 videos of MV#1, MV#2, and MV#3 engaged in sexually explicit conduct.

*David A. Moraghan, Esq.*
*Page 14 of 17*

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
**DANIEL JESSE CONRAD**
**The Defendant**

_____
**NEERAJ N. PATEL**
**ASSISTANT U.S. ATTORNEY**

_____
**DAVID A. MORAGHAN, ESQ.**
**Attorney for the Defendant**

## RIDER CONCERNING RESTITUTION

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. 18 U.S.C. § 3614. The Court may also order that the defendant give notice to any identifiable victim(s) of his offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

*David A. Moraghan, Esq.*
*Page 16 of 17*

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either inpatient or out-patient, to include participation with polygraph administration, as directed by the United States Probation Office and approved by the Court. The defendant shall pay all, or a portion of, the costs associated with mental health treatment based on his ability to pay, in an amount to be determined by the United States Probation Office;

2. The defendant shall agree that any device that he uses with Internet access, including a computer, will be equipped with monitoring software that will permit the United States Probation Office to determine whether he has been in contact with minors, either through email, chat rooms, instant messaging, or any other electronic means.[1] The defendant shall pay all, or a portion of, the costs associated with computer monitoring based on his ability to pay, in an amount to be determined by the United States Probation Office;

3. The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the United States Probation Office, of any computer-related restrictions that are imposed;

4. The defendant shall have no unsupervised contact with any child under 18 years of age without the express permission of the United States Probation Office and treatment provider. On release, the United States Probation Office will determine whether the defendant may have unsupervised contact with his own children;

5. The defendant shall permit the United States Probation Office, accompanied with either local, state, or Federal law enforcement authorities, upon reasonable suspicion,[2] to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors;

6. The defendant shall comply with any applicable federal, state and local sex offender registry laws and requirements;

7. The defendant shall not loiter around playgrounds, schools, arcades or any other places where children under the age of 18 congregate. The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the United States Probation Office because of a

---

[1] Narrowly tailored to conform to *United States v. Lifshitz*, 369 F.3d 173 (2d Cir. 2004).

[2] *Id.*

David A. Moraghan, Esq.
Page 17 of 17

connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group;

      8.  The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18; and

      9.  The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.